So Ms. McMichael, you have reserved two minutes for rebuttal. So that gives you eight minutes out of the gate. If you could just give me one second. All right. You may proceed. Thank you. Good morning, Your Honor. Virginia McMichael for the plaintiff appellate, Brittany Jones. Brittany Jones was in eighth grade and 14 years old when she was sexually assaulted and raped by her teacher, Timothy Reckless. Mr. Reckless was later convicted of rape and sentenced to 90 days incarceration and 10 years imprisonment. Look, there's no question that people like your client are the reason why the revival statute was passed. The issue is sort of what do we do when people don't comply with the revival statute? There'd be no question that if you missed the back date, you're out of luck. But the suggestion is that because you didn't comply with the waiting period date, that that is more excusable or is a different kind of restriction. And I guess I'm trying to figure out why that would be the case. Well, Your Honor, we made two arguments in our brief. The first is one of statutory construction, and that's really a question of law as to whether the New York statute is ambiguous and whether one must look to the statutory intent and construe the statute broadly. What I would like to- It's ambiguous about the fact that it can be brought six months after enactment. Well, it is- You might question why they did that, but there doesn't seem to be anything ambiguous about the fact that it is six months after enactment that it can be brought. It does say that. It does say may instead of must. I will concede, Your Honor, we don't think- No one has to bring an action. They may bring an action, that's their choice, but they may bring this action not earlier than six months after enactment. Correct. Your Honors, that's a statutory argument. What I would like to focus on today with the Court's allowance would be our second argument, which is the forfeiture argument, our equitable estoppel argument. Because while the first argument would require this Court to interpret a state statute that it may be reluctant to do, particularly in a way that has broad applications to other plaintiffs, the second issue of equitable estoppel slash forfeiture is one that hinges very much on the specific facts of this case and what transpired over a two-year period. Yeah, but what troubles me about that is I don't think parties are required to bring motions to dismiss when they've asserted an affirmative defense in their pleadings. I mean, your view is that if you don't bring a motion to dismiss, you have forfeited a defense that you've asserted in your answer? No, Your Honor. I think that is going too far. The rules require that you assert certain defenses as affirmative defenses, which they did. And the Federal rules only require a short and simple statement of your claim. And they asserted 18 affirmative defenses, of which the third was the claim is barred by the statute of limitations. We don't dispute that they should have said more or been more specific. The rules are the rules. That was sufficient to raise that. What is problematic, however, is what transpired after that. And the Court needs to do no more than just look at the trial court docket. Now, I'll admit, I was not trial counsel. Obviously, trial counsel made a mistake, so I'm here as appellate counsel in an effort to rectify that. So in terms of who said what, I don't want to get into that. But the docket really tells the story here. So the complaint was filed late, as we acknowledge, or rather early, before the revival window. And the school district filed its answer on May 31 of 2019. And that's right after. And they removed it, filed an answer. Boom. Done. And then the Court enters, as they usually do in district court, a scheduling case management order on July 28. And that required discovery to be completed by December 30, 2020, dispositive motions by February 26, 2021. Now, if that case management order had stayed in effect, and the dispositive motion for summary judgment had been filed before February 26, 2021, the plaintiff would have been on notice, oops, I filed prematurely, and would have been able to dismiss their initial complaint and cure it. Well, yeah, that's true. Right? I mean, I guess the question is, does it take a village to read a statute? I mean, this is a pretty straightforward statute. So you're saying that it was kind of bad form for them to engage in discovery and to litigate this thing, and basically it cost them money during that time period, knowing that they were going to wait for the new statute of limitations to run, and then they were going to make their motion. You're saying it was sort of sneak? I am. But what's the remedy for sneaking? Well, here's the thing. On the one hand, lawyers have a duty to their clients of zealous advocacy. And in the same situation, I probably would have done the same thing. Oh, let's just keep our powder dry and spring this on them. That's zealous advocacy. But it becomes problematic when things are filed in order to extend the time so that by the time the plaintiff wakes up and realizes, counsel realizes, oops, I really blew this, he doesn't have a time to fix it. And where that comes into play, Your Honor, is Rule 11. Because as this Court is well aware, Rule 11 requires duties of candor to the tribunal. But, I mean, it seems to me that the remedy for Rule 11 is that you get the money you expended on this, but I'm not sure that you get a revival of your claim past the statutory statute of limitations. I mean, what's your best case for that proposition? Rule 11 allows us to say, okay, this claim is time barred, but we're going to revive it because of what the opposing party did. Well, there are two principles. First of all, this Court in Hamilton, no, it was the City of New York v. Michaelis, pointed out that the Second Circuit likes to get to the merits of cases and not resolve them on things like statutory. We have statutes of limitations because we like to get to the merits. I mean, you've got the case where that's, we said, yeah, the statute is run, but we like the merits, so let's go there. Well, we have, I have not found one directly on point with the statute of limitations. There are a number of other defenses in Hamilton v. Atlas-Turner where the Court held that it was a diversity action. The Court held that the defendant forfeited its defense of lack of personal jurisdiction by failing to assert it. And here we have a pattern of continued motions to extend discovery in order to run that clock. But they were granted. They were granted, so there's no misconduct. Before your time runs out, I want to ask you about something. You've been continuously referring to this as a statute of limitations. I understand that the two-and-a-half year after enactment extension is a statute of limitations at that end. But I do have a question as to whether the six-month waiting period is appropriately viewed as a limitations or a claim processing rule. You haven't argued that, and I'm going to ask your adversary, so I want to ask you your position on it. I have to admit, Your Honor, I hadn't really focused on that specific issue. Well, you know, I'm disappointed because, of course, it's your appeal, but that's a question I do have. All right, thank you. Well, if I may add, the purpose of that in the statute was to give plaintiffs more opportunity to prepare their cases. Well, and that raises the question of then, so the plaintiff doesn't have to act for six months. In fact, is the six-month period to wait, is that enacted for a defendant's benefit or for a plaintiff's? I don't know. I'll ask your adversary. But you're not arguing this. The case law that I saw was that it was to benefit the plaintiffs and to allow the court time to prep for all these cases coming around. It seems to me it was more designed for the courts to prevent courts from having an avalanche of cases. Largely. Well, is that a statute of limitations or is that a claim processing rule? I guess that would be a claim processing rule. Oh, I understand that. Now that you've raised the issue. Okay, thank you. Thank you, Your Honor. All right, you've reserved two minutes for rebuttal. We'll now hear from Mr. Hines. Good morning, Your Honors, and may it please the Court, Patrick Hines of Hudson-Russ on behalf of the appellee. I'll dive right into it. You know, it's undisputed here that at the time plaintiff commenced her claim, it was barred by the statute of limitations. It was only revived. No, no, no, no, no. The statute says that on enactment, any statute of limitations, any claim that was previously barred by the statute of limitations is revived. So it seems to me the best reading of the statute is that her claims were revived on the day of enactment. She just couldn't bring her claim for six months. There's a six-month waiting period. You keep suggesting that the old statute of limitations is applicable until the six-month waiting period ends. Let me be more precise. That doesn't seem to be the language of the statute. I appreciate that, Your Honor. Let me be more precise. Her claim was time barred at the time the CVA was passed. I agree that the statute- A minute before it was passed. Yeah, up until the time it was passed. I agree the statute does say that claims are revived, but then it goes on to say very specifically, may be commenced not earlier than X date, not later than X date. We've already suggested in questioning that that was for the benefit of courts, not for defendants, the way a statute of limitations generally affords defendants repose. Why is the six-month period a limitations period rather than a claim processing rule? Your Honor, this didn't come up either below, and I would reassert, as I said in my brief, this was not raised below and, therefore, is not properly before this court. But, obviously, the court is interested in the question. It hasn't been briefed. I'd welcome the opportunity to submit more briefing. The court thinks that would be helpful. But to answer your question, here we have a situation where New York courts have been very clear that statutes of limitation and disrupting the repose provided thereby should be construed very narrowly, very carefully. The legislature acts in an extraordinary manner when it upsets the repose that's expected by defendants. And so in construing what the legislature's intent was- You had no expectation of repose once the statute was enacted. You had no expectation of repose for two and a half years thereafter. So I'm still trying to figure out what the six-month period does for a defendant, a potential defendant. Well, it certainly gives them time to explore insurance coverage, find coverage that might be available. The defendant doesn't even know about the claim until it's been filed. I mean, are you suggesting that most defendants, and in this case your client, knew about this claim before the claim was filed? That's not my suggestion, Your Honor. So how are defendants benefited by this waiting period? Well, certainly when this Child Victims Act is passed generally, it's reasonable to expect that claims may be coming as a general proposition. And given that now the floodgates could potentially open for an unlimited time period, what we saw in the prosecution of these claims is defendants scrambling to find available coverage, put carriers on notice, conduct historical analysis of what insurance coverage might be available. So your point is that the perpetrator of this crime had been prosecuted and convicted. And so the school district should have recognized that victims who previously had claims that were time barred are likely to be coming back associated with that perpetrator. Or could be. Or could be. And so certainly, in that respect, there is a benefit to defending. And there's nothing that says that this particular plaintiff was allowed to sort of jump the line. I just want to follow through on your argument. To the extent you're concerned that your client didn't have the time to pursue these things, once the action was filed, all you had to do was move to dismiss and say, Judge, we're entitled to six months before we have to respond to something like this. And we're asking you to dismiss it until that time. But Your Honor- If you ever did that. I'm not sure I'm seeing how your client was in any way prejudiced by the early filing of this action. Well, Your Honor, I think what you're asking the defendant to do there is act against its own interests. And basically act in its adversary's interests to make a motion that it knows will result in the withdrawal and recommencement of a claim and is effectively a waiver of a complete defense. I'm sorry, I'm not following that. By moving to dismiss, you would waive what? Well, it would be a de facto waiver. There would be no effect to the defense anymore. Whereas, if you wait until the window is closed, then certainly that defense has an effect. The district isn't required by any rule that I'm aware of to make a motion based on the statute of limitations at the time that's most strategically beneficial to the plaintiff. That's what Rule 8C is all about is you need to at least let the plaintiff know what defenses are going to be raised and asserted in the case. And then the burden shifts to them to take whatever action they deem necessary within the time periods they deem necessary. It's not on the district to act in the plaintiff's best interest by filing at such time that she can withdraw and recommence. So you're saying that somehow you were entitled, given that they failed to file in the six-month period, you were entitled to then let the case go forward, delay as much as you could so that then when the two-and-a-half-year period ended, they would be out of the statute of limitations for sure? Well, I certainly disagree that we delayed. If we look at the actual procedural history. Well, I'm trying to understand the argument you just made about how you were prejudiced by the early filing. And as I understood your argument, it was, well, if you had moved to dismiss and they then refiled within six months, you wouldn't have this argument that they filed prematurely. That's certainly part of our argument, Your Honor. What you're basically saying is you have an affirmative defense that is only going to be valuable if this litigation goes over two-and-a-half years. Essentially, yes. Otherwise, we'd be effecting a de facto waiver by moving at the time plaintiff would have liked us to move. And our argument is we had no obligation to do that in law or equity. That's what Rule 8c is all about. I do want to address the idea that somehow we purposefully dragged our feet or ran out the clock. If the court looks at the procedural history in this case, which I know it has, you can see that it was defendant all along who was pushing to move the case forward. Plaintiff did not even issue a single discovery demand, despite my explicit statement to him that I needed everything to be in a formal writing in terms of discovery demands. He waited 18 months after commencement of the action to issue a single discovery demand. He then purposely waited for depositions to go forward with district witnesses in an insurance coverage action, get that testimony so that he could use it to benefit his examination of those same witnesses in this action. So plaintiff certainly benefited from his delay. He was the source of the delay in large degree. And some of the applications to extend the discovery time periods were because of the delay in responding to our demands. And at least a couple of them were on consent. So there is no indication that we were somehow dragging our feet. In fact, we were the ones pushing the case forward. I would also, just on the equitable point, I also wanted to point out the equitable estoppel requires fraudulent or deceitful conduct by the district. And there's no evidence of that here. There's an accusation that I said to counsel, I don't think I'm going to file a summary judgment motion. I deny that. For the record, what I said is I have to think about it, but I don't want to create a trial here. Let's assume for the sake of argument that I said that. I said I don't think I'm going to file. That's equivocal. It was purposely noncommittal because at the time I was not in a position where I could reveal the district's strategy. That would have been unethical and could have put me in the crosshairs with my clients. As Michael correctly referred to, zealous advocacy, that's exactly what it was. But I couldn't lie, and I didn't lie. So there was no deceitful conduct. So can I ask you a question? I mean, this is a New York statute. I mean, is there an argument to be made that we should be sending this to the New York Court of Appeals to interpret their statute? And whether this waiting period is to be treated like a statute of limitations and therefore strictly? Or whether it's something else? Well, again, the court below was not presented with this issue and didn't rule on the issue. And, again, I don't think it's properly before this court. But if the court's inclined to take it up anyway, certainly the interpretation of state statutes is within the purview of New York courts. As I understand it, there's two other cases where something like this has happened. In each of those cases, however, the motion was made before the end date, before the two and a half years. And in each case, the court dismissed or contemplated a dismissal and then a refiling, which would imply that the initial filing doesn't sort of become ripe after six months. You have to recommence. You have to commence a new suit. Is that your reading of those cases? I'm not sure I understand, Your Honor. So the argument is that the case is dismissed with leave to refile within the time period? Right. I mean, you wouldn't dispute that if this motion had been made or if they voluntarily, if they sort of caught wise to this and decided to voluntarily dismiss the complaint so they could refile in conformity with the statute, they would be free to do that, right? If filed in conformity with the statute, correct. And so, well, I guess I'm exploring whether there's any reason to certify this to the New York Court of Appeals since it's their statute. Well, again, Your Honor, I don't think it's properly before this court. And I think the statute is clear that actions may be commenced not earlier than is clear. The action is that it's barred by the statute of limitations. That's the ruling that's on appeal. And so the question we're asking, whether it was raised or not, is, is this in fact a statute of limitations? And I would ask for the opportunity to submit more briefing. But again, you know- Isn't that really what all the briefing is already about? I mean, they're nuanced arguments. Claim processing rule is one that hasn't really been briefed. But the certification wouldn't be, I think, put that way. I think we could think about what the certification should say. But the question is whether or not the waiting period is to be strictly enforced as a statute of limitations. Or is it something else? Well, I think if it's to be enforced as a claims processing and not as a statute of limitations, it would essentially mean that any claim that was time barred before the passage of the CVA is now forever revived. And basically ignores the language that further provides, however, that it may be commenced only during a certain time period. That's really a limitation on the action. That is designed to give defendants repose. A claim processing rule is not without effect. It's just that there is some flexibility there that does not obtain if it's a statute of limitations. So a court would perhaps in some cases decide not to excuse a plaintiff from a claim processing rule based on the circumstances of that case. And in other cases, it might grant some flexibility. So your notion that we would be wiping out the six-month period is not so. It's just that it would be a matter of how much flexibility the district court had. Well, I think the argument is that the legislature intended to give defendants repose by prescribing a limited window. Well, how is it repose at the front end? I mean, you know that you could be subject to suit for two and a half years. And that doesn't change. You don't get any repose at the front end because if, as Judge Sullivan said, the plaintiff wakes up that the filing was made prematurely, you go to the court. The court could say, well, you know, you didn't file. I'm dismissing. But then the plaintiff could refile. Here, because of the circumstances, the plaintiff can't refile. And if it's a claim processing rule, there might be reason to consider the totality of circumstances and decide whether to excuse the failure. But again, Your Honor, I certainly don't concede that it is a claim processing rule because, again, the defendant has repose to know that if it's not filed within that period, then the action will be dismissed and is not a valid action. You don't know that if it's not filed within six months you have repose because it could be filed on six months and day one. So what repose do you have? Well, certainly the defendant is entitled to take positions with respect to the litigation, with respect to settlement, and conduct itself accordingly with the idea in mind that the claim, the defense has been asserted, the claim was not timely filed, and therefore it has a defense. And it's entitled to repose of that knowledge. Well, repose, I mean, look, it's hard to see how there's any prejudice to your client, other than that you would lose a good affirmative defense if this thing drags out for two and a half years. It seems to me your better argument is a textual one, that this is a statute that's pretty unambiguous on its face. It says when they may commence a suit. They didn't do it. They're out of luck. And to the extent they're out of luck, I assume Ms. Jones has a pretty good malpractice claim that she can bring. And she might be just as well off. You're right, Your Honor. And one of the things we say in our brief is that she is not without remedy. Right? I mean, obviously her counsel has admitted his mistake. He misread the statute, not because of anything the district did. And certainly I think that gives rise to a potential malpractice claim against him. And that's certainly something to consider as well. Well, we've gone over, but we had questions, and so it's good to be able to explore them. Thank you very much. Thank you, Your Honor. We'll hear now from Ms. McMichael for two minutes of rebuttal. Very briefly, Your Honor. Since this court is sitting in diversity, and the question before the court involves an interpretation of a New York state statute, it's our position that it would be perfectly appropriate for this court to defer and send the matter to the New York courts. But we wouldn't be sending the matter, right? I mean, it's not like we are going to transfer the case. Certifying the question. Right. So if we certify, we certify with a question. Right. So what would be the question? How would you phrase the question that we'd be certifying to the New York Court of Appeals? Does the revival window of the Crime Victim Act have to be strictly construed so that a claim that is filed prematurely is forever barred, as if it were a statute of limitations, or is it a claim processing statute where there is more flexibility? That's not artfully said, but off the top of my head. That's always the challenge with certification. It sort of drains that we'd be certifying a question on a statute that seems to be unambiguous. The question would be, what are the consequences of not complying with an unambiguous statute? All right. Other points you want to make? I'd be happy to submit additional and supplemental brief on that issue if the court would like it. The other point I would like to make is, it goes again to this issue of estoppel and good faith. And there again, there was a mediation October 10th of 2019. They participated in- Doesn't this entire argument turn on the defendants having an obligation to alert you about the plain meaning of a statute? Well, it's an obligation not to engage in gamesmanship. And there's a case- They've answered the complaint. They have multiple affirmative defenses. This is one of them. You're saying that they have to play this card early in the hand or lose it. But engaging discovery was not relevant. This issue would be decided without any discovery at all. There was no guarantee they were going to win on it. So it was pretty- I think they felt they had a winner in their back pocket here, Your Honor, quite candidly. And that they were hiding it until two weeks after the window. They don't have a winner. So, I mean, it seems to me that this is an argument that's premised on this being unambiguous and clear. And it seems to me that the remedy for that is sanctions, I suppose, if they wasted people's time. But you're saying that what they did was unconscionable because they didn't explain to your predecessor what the statute says? Well, I'll just quote from the Carlson case, which was decided in the Southern District here. Gamesmanship occurs when a party delays in asserting defenses or claims with the intent or hope that the delay will prejudice the other side. But they asserted the defense in their answer. They asserted it. And then they acted in a manner that was inconsistent with their- I think the question becomes, what was your predecessor thinking when reading the answer that says they're asserting a statute of limitations defense, even though there's a statute that revives this? It might have prompted one to read the statute. Well, there were 18 affirmative defenses. It was the third. It's the usual laundry list that you get in an answer to a federal complaint. And I think- It's problematic because now you're saying you didn't have to notice this when you brought the suit. And when they alerted you to the statute of limitations because they were also complaining about other things, you didn't have to pay attention to that. I'm not sure that's an argument that's persuasive on finding that they should be penalized for this. I think trial counsel in his filing in the trial court in opposition to summary judgment, the introductory pages were why he missed this. And it involved personal reasons. And it's kind of a sad story that I don't want to get into. But he did make a mistake. You know, there's no doubt about it. But her remedies on a legal malpractice claim are not nearly the same as they would be in a claim against the school district. You know, there's a big difference for her. That's not the concern. I understand. It's not where can she get the most recovery. Okay. Thank you. So, all right. Well, thank you both. We will reserve decision.